IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FIRST BANKERS CORPORTATION *

    Plaintiff, *

v.                                              *                   Civil Action No.: RDB-09-975

THE WATER WITCH FIRE COMPANY
INC. *

    Defendant. *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

On February 4, 2010 this Court Granted the Motion of the Plaintiff First Bankers Corporation for Summary Judgment and denied the Motion of the Defendant The Water Witch Fire Company Inc. for Summary Judgment. The Court directed the Plaintiff to submit a petition for attorneys' fees and costs. Presently pending is the Plaintiff's Motion for Attorneys' Fees and Costs (Paper No. 31) which is brought pursuant to Local Rule 109. That petition and the Defendant's response and opposition have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D.Md.2010). For the reasons stated below, Plaintiff's pending motion is GRANTED. By separate Order this Court enters judgment in favor of First Bankers Corporation in the total amount of $46,789.62, consisting of $26,906.86 as set forth in this Court's February 4, 2010 Memorandum Opinion and $19,802.76 in attorney's fees and costs as set forth in the Plaintiff's petition.

I.     **Plaintiff's Request**

| Attorney/ Employee & Title | Rate | Hours | Total |
|---|---|---|---|
| Geoffrey H. Genth | $325 | 55.1 | $ 17,907.50 |
| Mary Beth Ewen | $200 | 4.4 | $880.00 |

| Ezra S. Gollogly | $275 | 0.70 | $ 192.50 |
| David Shuster | $340 | 0.20 | $68.00 |
| | | Total | $ 19,048.00 |
| | | Expenses | $ 734.76[1] |
| | | | $ 19,882.76 |

## II. Attorneys' Fees

This Court has explained the calculation of a reasonable fee award, known as the lodestar award, as follows:

> A court's award of reasonable attorneys' fees is the product of the reasonable hours expended multiplied by a reasonable hourly rate. In assessing the reasonableness of the hours and rate claimed, the court considers the following twelve factors elucidated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir.1978): "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Xiao-Yue Gu v. Hughes STX Corp.*, 127 F. Supp. 2d 751, 764 (D. Md. 2001) (quoting *EEOC v. Service News Co.*, 898 F.2d 958, 965 (4th Cir. 1990) and citing, *inter alia*, *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). The twelve-factor test is subsumed in the initial calculation of the lodestar award. *Hensley*, 461 U.S. at 434 n.9. "'When . . . the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled." *Pennsylvania v. Delaware*

*Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (internal quotations omitted). The same standards are applied under both 42 U.S.C. § 1988 and 42 U.S.C. §2000e-5. *Hensley*, 461 U.S. at 433 n.7.

This Court is further guided by Appendix B of its own Local Rules, which is entitled "Rules and Guidelines for Determining Attorneys' Fees in Certain Cases." Appendix B contains specific mandatory rules regarding billing format, time recordation, and the submission of quarterly statements to opposing counsel, as well as guidelines regarding compensable and non-compensable time and hourly rates.

While Plaintiff's counsel has itemized the services rendered, time spent, and hourly rate, the defendant has challenged the total bill and noted that its counsel only expended approximately 10-12 hours of work. The Defendant has noted that the attorneys' fees of its counsel have been appoximately $3,000 and that therefore "the Plaintiff's (sic) attorneys' fees should under the circumstances be no greater". This is an insufficient response in light of the applicable standards to be applied.

### A. Reasonableness of Hourly Rates

The hourly rates employed in the lodestar should be the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). "The relevant market for determining the prevailing rate is ordinarily the community in which the court where the action is prosecuted sits." *Rum Creek Coal Sales v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) (citing *National Wildlife Federation v. Hanson*, 859 F.2d 313 (4th Cir. 1988)). The hourly rates requested by the attorneys at Kramon & Graham, P.A. are reasonable, as they mirrored the prevailing rates of comparable experience in the Baltimore market. Specifically, almost all of the attorneys' fees are related to the time spent by Geoffrey H. Genth. His rates and those of the

other attorneys who spent minimal time on this case fall within the ranges set forth in Appendix B of the Local Rules.

## B. Reasonableness of Hours

The Court has thoroughly reviewed the hours billed by Plaintiff's counsel and find that this expenditure of time was reasonable. The services provided included time spent responding to the Defendant's motion to dismiss, as well as the Defendant's counter claim. This case included the filing of cross motions for summary judgment and document requests during discovery.

## III. Litigation Costs

In addition to attorneys' fees the plaintiff has requested $734.76 in litigation-related costs and expenses. It is well-established that plaintiffs who are deemed entitle to attorneys' fees are also entitled to recover their reasonable litigation-related expenses as part of their overall award. *See Daly v. Hill*, 790 F.2d 1071, 1084 (4th Cir. 1986). This Court has carefully reviewed Plaintiffs' petition and finds its costs and expenses to be reasonable.

## CONCLUSION

Accordingly, for the reasons stated above Plaintiff's Petition for Attorneys' Fees and Costs (Paper No. 31) is GRANTED by separate Order. The Court enters judgment in favor of First Bankers Corporation in the total Amount of $46,789.62, comprised of $26,906.86 as set forth in this Courts February 4, 2010 Memorandum Opinion and $19,882.76 in attorney's fees and costs set forth in the plaintiffs' petition.

Dated: August 13, 2010

/s/ Richard D. Bennett
Richard D. Bennett
United States District Judge